UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LIONEL ANTUNES,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>FEDERAL DEPOSIT INSURANCE CORPORATION,<br><br>　　　　Defendant. | Case No. 24-cv-06737-TLT<br><br>**ORDER DISMISSING CASE FOR LACK OF SERVICE OF PROCESS AND BECAUSE IT IS BARRED UNDER THE FINANCIAL INSTITUTIONS REFORM, RECOVERY AND ENFORCEMENT ACT OF 1989 (FIRREA)**<br><br>Re: Dkt. No. 6 |

　　　　Lionel Antunes, Self-Represented Plaintiff, filed a Complaint with the Court on September 25, 2024. ECF 1. After the summons was issued, the Court ordered Plaintiff to file Proof of Service of Summons verifying that the Complaint was served on Defendant Federal Deposit Insurance Corporation prior to the expiration of the 90-day statutory requirement. ECF 5. To date, the Plaintiff has not demonstrated that Defendant was properly served[1]. ECF 6.

　　　　Under Federal Rule of Civil Procedure 4(c)(1), a summons must be served with a copy of the complaint. The plaintiff is "responsible for having the summons and complaint served within the time allowed by Rule 4(m) and must furnish the necessary copies to the person who makes service." Fed. R. Civ. P. 4(c)(1). Rule 4(m) states that if a defendant is not served within 90 days after the complaint is filed, the court must dismiss the action without prejudice against the defendant. If the plaintiff shows good cause for the failure to serve defendant within 90 days, the court must extend the time for service for an appropriate period. Fed. R. Civ. P. 4(m). Plaintiff also cannot serve Defendant himself. Fed. R. Civ. P. 4(c)(2).

---

[1] As of the case management conference, 106 days have elapsed since the filing of the complaint.

In this case, there is no evidence that Defendant received a summons. ECF 1, 6. Instead, Plaintiff sent Defendant a Notice of Lawsuit and Request to Waive Service of a Summons. Notably, it explicitly stated that the correspondence was neither a summons nor an official notice from the court. ECF 6.

In the alternative, Plaintiff also provided tracking information. *Id.* The record does not reflect, however, that someone other than Plaintiff made the attempt to serve Defendant. Absent good cause, the Plaintiff was given until December 30, 2024 to serve the Defendant. *See* Fed. R. Civ. P. 4(m). It appears that Plaintiff attempted to serve Defendant himself, never served a summons, and did not show good cause for the failure to serve within 90 days after the complaint was filed. As such, Plaintiff failed to properly serve the Defendant.

Arguably, if the Defendant were properly served, the Financial Institutions Reform, Recovery and Enforcement Act of 1989 (FIRREA) provides separate grounds to dismiss the case. Plaintiff was a named Plaintiff in a nearly identical case that was dismissed with prejudice after the court determined that the case was barred by the FIRREA. *Harrington v. FDIC*, No. 23-cv-06296-HSG, 2024 WL 23406990, at *4 (N.D. Cal. July 12, 2024). Under the FIRREA, the FDIC has the power to act as a receiver of the failed bank by succeeding "all rights, titles, powers, and privileges of the insured depository institution." *O'Melveny & Myers v. F.D.I.C.*, 512 U.S. 79, 86 (1994). As a receiver, the FDIC "steps into the shoes of the failed financial institution, assuming all the rights and obligations of the defunct bank." *Sharpe v. F.D.I.C.*, 126 F.3d 1147, 1152 (9th Cir. 1997) (internal citations omitted). To allow the FDIC to perform its duties as a receiver "promptly and effectively," the FIREAA provides that "no court may take any action, except at the request of the [FDIC] by regulation or order, to restrain or affect the exercise of powers or functions of the [FDIC] as a conservator or receiver." *Hindes v. FDIC*, 137 F.3d 148, 160 (3d Cir. 1998); 12 U.S.C. § 1821(j).

The *Harrington* court found that the FDIC acted in its capacity as receiver in a manner consistent with its powers or functions and found that the remedies Plaintiff sought would restrain or affect the exercise of powers or functions of the FDIC. *Harrington*, 2024 WL 23406990, at *3. The Court finds the same to be true here. As the court stated in *Harrington*, the FDIC is acting as

a receiver for the defunct bank. *Id.* If the Court were to grant Plaintiff's requested declaratory relief to prohibit "the Defendant from engaging in any transfer, sale, liquidation, or other disposition of Newport Group trust fund balances fully vested in Plaintiff's name," it would restrain the exercise of the FDIC's powers as a receiver. 12 U.S.C. § 1821(j). Because Plaintiff requests relief that would restrain its receivership powers, Plaintiff's action is impermissible under 12 U.S.C. § 1821(j).

Accordingly, the Court **DISMISSES** the case for lack of service of process and because the underlying case is barred by the FIRREA. Because Plaintiff cannot overcome the FIRREA bar, the Court **DISMISSES** the case with prejudice.

This Order terminates the case. The initial case management conference scheduled for January 9, 2025 is vacated. The clerk of the court is ordered to close the case.

**IT IS SO ORDERED**.

Dated: January 7, 2025

TRINA L. THOMPSON
United States District Judge